**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CINDY ROBERTSON,** | : | **Civil N. 1:12-CV-127** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **CITADEL BROADCASTING, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This matter comes before the Court for screening review of a *pro se* civil

action.  On January 23, 2012, the plaintiff, Cindy Robertson, a resident of Lancaster

County, Pennsylvania, filed a *pro se* complaint with this Court. (Doc. 1)   The

defendants named by Robertson in this lawsuit are broadcasters who are all allegedly

located in Cumberland County Pennsylvania.

Robertson's complaint recited that the defendant broadcasters had recorded her

without her consent, and then slandered, libeled and harassed her in some otherwise

unspecified fashion.  Robertson sought damages from these defendants as a result of

their allegedly tortious conduct.  Therefore, Robertson's complaint simply alleges

1

state torts of libel, slander and harassment.  There are no claims made under federal law in this civil action.  Thus, on the face of the complaint, this pleading only articulates state law claims in a lawsuit that Robertson describes as a dispute between residents of Pennsylvania. (Id.)

Along with this complaint, the plaintiffs filed a motion for leave to proceed *in forma pauperis*. (Doc. 2)  For the reasons set forth below, we will GRANT this motion for leave to proceed *in forma pauperis* (Doc. 2) but recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted without prejudice to allowing the plaintiffs to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint.

## II.   Discussion

### A.   Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which  seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."   Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the

court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

### B.   The Plaintiff's Current Complaint Fails to State a Claim Upon Which Relief Can be Granted in Federal Court

Judged against these standards, the current *pro se* complaint fails to state a claim upon which relief can be granted. It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this

ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Here Robertson's complaint does not allege any "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In particular, Robertson's claim that her conversations were recorded by the defendants without her consent does not state a violation of federal law, since federal law–unlike the laws of Pennsylvania–permits a single party to a conversation to consent to the recording of that conversation. <u>See</u> 18 U.S.C. §2511(d). Therefore, Robertson's complaint simply alleges state torts under the laws of Pennsylvania, namely, libel, slander and harassment. However, Robertson may not assert federal jurisdiction over these state torts, since we can only exercise federal jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) *citizens of different States*." 28 U.S.C. § 1332(a)(1)(emphasis added). This Court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction in this particular case since the complaint recites that the plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In light of these basic jurisdictional flaws in Robertson's initial complaint, we conclude that this pleading  simply does not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Fowler</u>, 578 F.3d at 210-11. Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," <u>Ashcroft v. Iqbal</u>, __U.S.__, 129 S.Ct. 1937, 1949 (2009), since the complaint actually seems to demonstrate on its face that federal jurisdiction does not lie here.  Yet, while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Robertson has no legal remedies available to her.  Robertson may bring these claims in state court.  Those courts certainly stand ready to hear her claims.

### C.      This Complaint Should be Dismissed Without Prejudice

In sum, in its current form this complaint fails to properly invoke federal jurisdiction.  While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend

is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

In the alternative, Robertson may wish to consider pursuing these claims in state court, where the federal jurisdictional limitations outlined in this report and recommendation would not apply.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of January, 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge